### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1857, IN THE FORTY-
SECOND YEAR OF THE STATE.

---

## WILLETS v. RIDGWAY.

That the plaintiff called upon the defendant, requested, &c., and that the de-
fendant refused, &c., is a sufficient allegation of a demand, in a case where
one is necessary.

In a proceeding by attachment, an affidavit showing the nature of the plain-
tiff's claim, the amount due, stating that it is just, and that the defendant is
a non-resident, is sufficient.

Non-appearance to a suit, is a waiver of a jury.

In a suit by attachment, the record must affirmatively show that the statute
has been strictly complied with.

For, in such cases, the defendant, being a non-resident, having no actual no-
tice of the suit, and not being represented in Court, waives nothing.

*Aliter,* where he appears, and fails to raise objections below.

The provision of the constitution requiring this Court to give a written opin-
ion upon every point arising in the record of every case, though merely
directory, is. to be observed, subject to such a construction as obviates the
difficulties of a literal compliance.

A question arising in the record, within the meaning of this provision, must
be one, the decision of which is necessary to the final determination of the
cause, and which the record presents with a fullness and distinctness, render-
ing it possible for the Court to comprehend it in all its bearings.

APPEAL from the *La Porte* Circuit Court. *Monday,*
*November 23.*

PERKINS, J.—Suit by attachment against a non-resident.
Judgment for the plaintiff.

Numerous objections are taken to the proceedings.

1. The complaint is said to be insufficient, in not alleging a demand before suit.

It avers that the plaintiff had called upon the defendant, requested, &c., and that the defendant refused, &c. This is a sufficient allegation of a demand in a case where one is necessary.

2. The affidavit is objected to.

It shows the nature of the plaintiff's claim, the amount due, states that it is just, and that the defendant is a non-resident. The affidavit conforms to the requirements of the statute. 2 R. S. p. 64.

3. The cause was tried by the Court without a jury.

But non-appearance to a suit is a waiver of a jury. 8 Ind. R. 217.

4. Proof of notice was insufficient.

Section 287, p. 94, 2 R. S., points out, with precision, the mode of proving notice. It is not shown to have been complied with in this case.

5. The admission of a deposition is objected to.

That deposition is not made a part of the record. *Kirby et al.* v. *Cannon*, at this term (1).

6. The sheriff's return to the writ is insufficient.

The return shows that certain real estate of the defendant was attached. It does not show that it constituted all of the defendant's real estate in the county. See *Marnine* v. *Murphy*, 8 Ind. R. 272. It does not show, nor does the record, whether the defendant had personal property or not. But the statute (2 R. S. p. 66, ss. 164, 166) provides that "the lands and tenements, goods and chattels, of the defendant, subject to execution, shall be attached," and that "the defendant's personal property shall be first taken under the attachment." And "if enough thereof is not found to satisfy the plaintiff's claim, then his real estate."

Now, it seems to us that the record should show that the statute had been followed. It should appear that search was made for personal property, and none found; or, if found, that it was taken. If, in fact, the defendant had personal property subject to execution, the order first

to sell his real estate was illegal. The defendant being a
non-resident, and not represented in Court, not having had
actual notice of the pendency of the suit, could not show
the fact at the hearing. Hence, he waived nothing.

In *O'Brien* v. *Daniel*, 2 Blackf. 290, it is said that "the
*ex parte* nature of these proceedings requires a strict com-
pliance with every statutory requisition." In *Leach* v.
*Swann*, 8 Blackf. 68, the judgment was reversed because
the record did not affirmatively show that the householder
called as an appraiser was a resident of the county. And
in *Marnine* v. *Murphy*, *supra*, a reversal was adjudged be-
cause the attachment was not shown to have been actu-
ally levied in presence of a disinterested and credible free-
holder, and the bond was a few dollars less than the statute
required.

Had the defendant appeared and failed to raise these
objections below, they might have been treated as waived.

Other questions have been presented upon which we
shall now intimate no opinion. It is true that the consti-
tution, by an unwise provision, requires that this Court
shall give a written opinion upon every point arising in
the record of every case—a provision which, if literally
followed, tends to fill our Reports with repetitions of deci-
sions upon settled, as well as frivolous, points and often
to introduce into them, in the great press of business, pre-
mature and not well considered opinions, upon points only
slightly argued; yet it is a provision not to be disregarded,
though merely directory, like that requiring the legislature
to use good *English*. But though the provision is not to
be disregarded, it is to be observed according to some con-
struction, and should receive such a one as to obviate its
inconvenience and objectionable character, as far as con-
sistently can be done.

It often happens that a point is raised involving an im-
portant principle, but of minor consequence in its bearing
upon the particular case, while it presents the material
question in some other pending cause. Now, to decide it
in the case where, from its subordinate position, it is but
carelessly argued, by one side or the other, if at all, and

VOL. IX.—24

hence, perhaps, but hastily considered by the Court, is un-just to counsel whose subsequently pending cause is thus prejudged, without their being heard, and upon an argument on which they would be unwilling to rest it. It is this class of decisions which forms the bane of judicial reports.

These, and other considerations, have led the Court to inquire—When does a question, in the sense of the constitution, arise in the record?

We do not think it does so merely because it is raised by counsel, nor because it is presented in the assignment of errors. Nor, necessarily, because it is raised in a bill of exceptions. It must be a question, the decision of which is necessary to the final determination of the cause; and which the record presents with a fullness and distinctness rendering it possible for the Court to comprehend it in all its bearings.

Hence, it has been the frequent practice of the Court, in cases where a single point would put an end to a case, to decide that point and no other.

So, where a cause was necessarily reversed for one or more errors, and remanded for a new trial, which might be upon new issues, formed by amended pleadings, and with more or less evidence, points which were made upon the first trial, but might not arise upon the record, or were not so distinctly and satisfactorily presented by the record as they might be after another trial, have been considered as not necessarily and properly arising in the record, and have been passed. See 7 Ind. R. 610, 147; 8 *id.* 464, 335, 104, 73, 40; 3 *id.* 221.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*I. W. Holeman, H. P. Biddle* and *B. W. Peters*, for the appellant.

*J. B. Niles* and *A. L. Osborn*, for the appellee.

(1) The case next following.