## GEORGE *v.* NELSON.

PRACTICE.—Where an answer to the second and third paragraphs of a complaint for slander and malicious prosecution was filed and withdrawn, they were admitted to be true, and it was the duty of the same jury that tried the case to assess the damages upon these paragraphs.

APPEAL from the *Madison* Circuit Court.

FRAZER, J.—Complaint in three paragraphs; the first two for slander, and the third for malicious prosecution. Answer, general denial, and justification to the first paragraph of the complaint; to the second and third, a general denial was filed, but afterward withdrawn before trial. There was a reply of general denial to the justification; verdict and judgment for the defendant, from which the plaintiff appeals.

All the errors insisted on in the brief would have been waived if they had not been assigned, as they were, as reasons for a new trial. There is, therefore, only one question in the record, in the sense of the constitution, which requires us to state and decide all the *questions* in the record. That question is, did the court below err in refusing a new trial? Several reasons are insisted upon as being each sufficient to support the error alleged in this ruling; but as we are not bound to examine all of them,[1] and the state of the business here demands at present our best exertions to accomplish it, we forbear to travel over the entire ground, as we otherwise might, and limit ourselves

to so much as is merely necessary fairly to decide whether a new trial ought to have been granted.

The instructions to the jury go upon the assumption that, there was a general denial to the second and third paragraphs of the complaint; indeed, they so state expressly. By statute, those paragraphs were admitted to be true, not being denied; and as there was no answer to them at all, it was the duty of the same jury which tried the issues growing out of the first paragraph, simply to assess the plaintiff's damages upon the second and third. But there were instructions excepted to, in which the jury were told that they could not do this unless they found from the evidence that those paragraphs were substantially true. This was error.

Judgment is reversed, with costs; cause remanded, with instructions to the Circuit Court to grant a new trial.

*J. W. Sansberry* and *Walter March*, for appellant.

[1] See 9 Ind. 367; 8 *Id.* 464, 335, 40; 3 *Id.* 221.