## INDIANAPOLIS STREET RAILWAY COMPANY v. TAYLOR.

[No. 5,807. Filed February 27, 1907.]

1. APPEAL.—*Trial.*—*Decisions.*—*Res Judicata as to what Questions.*—A decision of the Supreme or Appellate Court is *res judicata* as to the points that are decided, but not as to others presented and not decided. p. 596.

2. SAME.—*Decisions.*—*Points Arising.*—*Constitutional Law.*—The constitutional provision (Art. 7, §5) that "the Supreme Court shall upon the decision of every case, give a statement in writing of each question arising in the record of each case, and the decision of the court thereon," means such questions presented by the record and necessary to a decision of the case in the Supreme Court. p. 596.

3. SAME.—*Reversals.*—*Number Permitted.*—The losing party has the right to appeal and secure a reversal of the judgment against it as often as such judgment is wrongful or unfair. p. 597.

4. TRIAL. — *Complaint.* — *Paragraphs.*—*Judgment.*—*Interrogatories to Jury.*—*Conflict.*—Where a complaint for damages, in the first two paragraphs, alleged negligence, and in the third, wil-

fulness, and an answer to an interrogatory to the jury showed that the motorman of defendant street railroad company purposely ran the car against plaintiff, and another answer showed that such motorman did not see plaintiff as he was about to enter upon the track, the Appellate Court cannot determine on which paragraph the jury rested the verdict, such answers being contradictory. p. 597.

5. TRIAL.—*Verdict.—Venire de Novo.*—A motion for a *venire de novo* lies only where the verdict is uncertain or inconsistent. p. 598.

6. SAME. — *Complaint. — Paragraphs. — Judgment.—Motion to Modify.*—Overruling a motion asking the court to modify the judgment by indicating upon which of three paragraphs of complaint the same was rendered, is harmless error, where the plaintiff was entitled to judgment on one of them, since defendant's burden was not increased thereby. p. 598.

7. EVIDENCE.—*Exclusion of.—Conflict.—Street Railroads.—Due Care of Traveler.*—The court cannot disregard the plaintiff's testimony that he looked for the coming of a car, while he was approaching a street crossing on his bicycle, but could see none, and that when he was on the track, a car without headlight struck him, inflicting serious injuries, although defendant's as well as plaintiff's other witnesses testified that, under their particular circumstances, the car was visible. p. 600.

8. NEGLIGENCE.—*Contributory.—Street Railroads.—Bicyclists.*— It does not constitute contributory negligence, as a matter of law, for a bicyclist to cross a street-car track in the night without alighting and looking intently in both directions to observe approaching cars. p. 600.

9. STREET RAILROADS.—*Bicyclists.—Use of Streets.—Headlights.* —Street railroad companies and bicyclists have reciprocal rights in the use of the streets, and bicyclists have the right to assume that street cars will be equipped with headlights. p. 601.

10. SAME.—*Crossings.—Travelers.—Due Care.*—The same degree of care, required of travelers at steam railroad crossings in the country, is not required of travelers in crossing in front of a street car on a street crossing. p. 601.

11. SAME.—*Travelers.—Street-Crossing Accident.—Contributory Negligence.*—A bicyclist, struck by a street car at a crossing, is not guilty of contributory negligence as a matter of law because he could hear the noise of such car, but thought the noise to be that of a car which had just passed. p. 601.

12. STREET RAILROADS.—*Negligence.*—*Collisions.*—A street railroad company, running a car without a headlight and because thereof ran it against the plaintiff, who was crossing its tracks and exercising due care, is guilty or negligence.   p. 602.

13. TRIAL.—*Instructions.*—*Duplication of.*—It is not erroneous to refuse to give an instruction where the substance thereof has been given in other instructions.   p. 602.

14. STREET RAILROADS.—*Headlights.*—*Knowledge by Company.*— *Presumptions.*—A street railroad company is conclusively presumed to know that the headlight on one of its cars was not burning, where its motorman stood in the front vestibule and controlled the car.   p. 602.

15. TRIAL.—*Answers to Interrogatories to Jury.*—*Motion to Make Specific.*—A motion to make more specific answers to certain interrogatories should be overruled, where definite answers covering such interrogatories are made to other interrogatories. p. 603.

16. EVIDENCE.—*Declarations Among Others.*—*Street Railroads.* —*Conductors.*—The admission in evidence of a declaration that "there is a man under the car," made by a witness to the conductor of defendant's street car, is harmless, where there is no dispute that at that time the plaintiff was being dragged under the fender of such car.   p. 603.

17. SAME.—*Appearance of Car Track on Morning after Accident.*—It is harmless.error to admit evidence of the appearance of the street-car track the next morning after the accident complained of, where the evidence shows without dispute that plaintiff was dragged along such track.   p. 603.

18. SAME.—*Opinions.*—*Loss of Senses of Taste and Smell.*—The admission of opinion evidence, by plaintiff's wife, that plaintiff had lost the senses of taste and smell, is harmless, where plaintiff's testimony that he had lost such senses was not disputed. p. 604.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by Charles E. Taylor against the Indianapolis Street Railway Company. From a judgment on a verdict for plaintiff for $3,000, defendant appeals. *Affirmed.*

*F. Winter, S. M. Ralston, Marsh & Cook* and *W. H. Latta,* for appellant.

*W. V. Rooker,* for appellee.

RABB, J.—The appellee sued the appellant to recover for personal injuries alleged to have been caused by the wrongful acts of the appellant. The complaint is in three paragraphs, the first and second of which seek a recovery upon the ground of appellant's alleged negligence. The third charges a wilful injury. No question is made in this court on the pleadings. An answer of general denial was filed to the complaint, the cause tried before a jury, and a general verdict returned in favor of the. appellee, assessing his damages at $3,000, and with the general verdict answers to interrogatories were . returned. Appellant's motion for a *venire de novo* was overruled by the court, also his motion for a judgment in his favor upon the first and second paragraphs of the complaint, and upon the answers of the jury to the interrogatories notwithstanding the general verdict. Appellant's motion for a new trial was also overruled, and judgment rendered in favor of the appellee upon the verdict. Appellant's motion to modify the judgment was also overruled, and these rulings of the court are assigned as errors.

This case has been twice before the Supreme Court, and upon each appeal judgments in favor of the appellee have been reversed. The decision on the first appeal is *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, where the cause was reversed for error of the court below in giving to the jury two instructions, one on the subject of wilful injury, and the other relating to the proof of contributory negligence. These were the only questions decided by the court on that appeal. In the second appeal (*Indianapolis St. R. Co.* v. *Taylor* [1906], 164 Ind. 155), the. cause was again reversed for error of the court below in admitting in evidence the statements of a witness made to the motorman while the witness and others were engaged in removing the appellee from under the car fender, and for an instruction given by the court to the jury on the subject of the degree of care required of appellant

in operating its cars, in which the court told the jury that greater care is required in populous cities and crowded streets than in sparsely settled districts and streets and highways on which there are few travelers; and these are the only questions considered and decided on that appeal.

It is contended by the learned counsel for appellee that all the questions of law involved in this cause have been finally settled on these two appeals, and that the

1. doctrine of *res adjudicata* applies to the questions of law arising and that may be properly presented and decided by the Supreme Court in a given case on appeal precisely the same as the doctrine is applied to questions of fact that are or may be litigated in a given case in a trial court. We are not prepared to give our assent to this doctrine so broadly as it is claimed by appellee's counsel. It is the law that the decision of the Supreme Court in a given case becomes the law of that case so far as it declares the law, but not beyond that limit until the final conclusion of the case.

Many questions are presented by the record in almost every appeal taken to the Supreme or Appellate Courts that are not considered or decided by the court, for the reason that their consideration and decision are unnecessary to the determination of the appeal. It was decided by the Supreme Court very shortly after the adoption of our

2. present Constitution that article 7, §5, of that instrument, providing that "the Supreme Court shall, upon the decision of every case, give a statement in writing of each question arising in the record of such case and the decision of the court thereon," meant only such questions as were presented by the record, and the decision of which was necessary to the final determination of the cause; and the final determination of the cause meant the determination of the cause in the appellate court. *Willetts* v. *Ridgway* (1857), 9 Ind. 367. No question decided by the Supreme Court in these former appeals is in any way in-

volved on this appeal, and the decision of the court in those cases will in no way aid this court in its determination of the questions that are raised here.

Appellee calls our attention to the alleged fact that the Supreme Court of this State has never reversed a case for the third time. We do not understand that counsel

3.  seriously urge this upon our attention as a reason why this cause ought to be affirmed. We have not the patience, time nor inclination to go through the books to ascertain the correctness of this statement, but do not hesitate to say that the lower court's continuous refusal to award any citizen a fair trial and a correct decision presents no reason to our mind why such citizen should be denied the full protection of the law. So often as a citizen is denied a fair trial in the lower courts and a correct application of the law to the facts of his case as they appear upon the trial, so often has he the right to a hearing in this or the Supreme Court, no matter how many appeals are made necessary.

Numerous errors are assigned by the appellant, some of which raise no question, and others are not discussed. The

4.  first error properly assigned that is discussed by appellant is the refusal of the court to render judgment in its favor on the first and second paragraphs of the complaint and on the answers of the jury to interrogatories returned by them with their general verdict. It is the theory of the appellant that there is an irreconcilable difference between the first two paragraphs of the complaint and the third paragraph, and that the answers to the interrogatories show that the verdict of the jury was founded on the third paragraph of the complaint. The facts specially found are entirely consistent with the general verdict in favor of the appellee on the first and second paragraphs of the complaint charging negligence, unless it be that the answer to interrogatory 115, in which the jury say that the appellant's motorman, because of a deliberate and

wilful purpose on his part, ran the car upon and against the plaintiff, could be held to render the answers to interrogatories inconsistent with a recovery on the charge of negligence, and this is the sole ground upon which appellant's motion is based. The answer to this interrogatory is utterly inconsistent with the jury's answer to interrogatory 102, in which the jury say that the motorman did not see the appellee as he was about to enter the track. It cannot be determined from the answers to interrogatories upon what paragraph of the complaint the general verdict was based, and, the answers not being inconsistent with the general verdict in favor of appellee on the first and second paragraphs, the motion was properly overruled.

The next error assigned and discussed by appellant is the action of the court in overruling the appellant's motion for a *venire de novo.* This motion was properly 5. overruled, as there was no uncertainty or inconsistency in the verdict. *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189; *Waterbury* v. *Miller* (1895), 13 Ind. App. 197, and cases cited.

Appellant complains of the action of the court in overruling its motion to modify the judgment by indicating in the judgment the paragraph of the complaint upon 6. which judgment was rendered. If plaintiff was entitled to a judgment at all, there could be no available error in this ruling of the court. It being conceded that the appellee was entitled to a judgment upon some one of the paragraphs of the complaint, all being for the same injury, it could in nowise harm the appellee that the judgment was rendered on the complaint generally, rather than on some particular paragraph. It in nowise increased the liability of the appellant or the burden of the judgment against him.

Ninety-five reasons are given why a new trial should have been granted the appellant in the court below. Happily, however, they are not all urged upon the consideration of

this court. The reasons relied upon for a new trial, and that are urged upon this court for a reversal of the case, are the refusal of the court to give the jury peremptory instructions to find in favor of the defendant on each of the several paragraphs of the complaint, and to give instruction fourteen, asked by appellant; the giving of instruction twenty-eight by the court upon its own motion; the refusal of the court to require the jury to give more definite and specific answers to certain interrogatories returned with the general verdict; permitting appellee to prove, over appellant's objection, certain statements made by witness Harry Bryan to the conductor; permitting appellee to prove by witness Collings certain marks upon the street car track the morning after the accident; permitting appellee's wife to give her opinion that appellee had lost his sense of taste and smell; and that the evidence affirmatively shows the appellee to have been guilty of contributory negligence.

There is evidence in the case from which the jury were warranted in finding that appellant operates a street car line on Illinois street, in the city of Indianapolis, a populous city and a much frequented street; that said street car line is operated by electricity, and that there are two tracks in the center of the street; that on the west track the appellant's cars run south and on the east track they run north; that said line of street railway is crossed by Michigan, Vermont, New York, and numerous other streets of said city; that about 8:30 o'clock p. m., November 11, 1899, appellee was approaching the Vermont street crossing of said railway from the west, riding a bicycle; that the night was dark and there were no street lights; that appellee had a light on the front of his wheel; that immediately before appellee reached the street car track a car passed over the Vermont-street crossing on the east track going north; that the car was lighted, and was observed by the appellee; that appellee approached the street crossing at a speed of from two to four miles per hour, and from the curb to within eight feet

of the crossing kept a lookout for cars coming from the north, and listened for the approach of cars from that direction, but saw no car approaching; that he heard the sound of a car but believed it to be the sound emanating from the north-bound car, which was yet in sight; that when within about eight feet of the track he turned his gaze to the south to look for a car from that direction, and moving onto the west track was struck by a car, knocked onto the track, and, with the wreck of his wheel under the fender of the car, dragged the distance of half a city block—about two hundred fifty feet—and seriously injured; that the car which struck him was being run without a headlight, at the rate of fifteen or twenty miles per hour.

Counsel for appellant earnestly insist that we should disregard the testimony of the appellee to the effect that he looked and listened for the approach of a car from the north, for the reason, it is claimed, that his testimony is in conflict with that of all the other witnesses in the case, his own as well as those who testified in behalf of the appellant. It is true that quite a number of other witnesses, both for the appellant and appellee, testified that they were able to see the car some distance away, but all of these witnesses saw the car at different places and under different circumstances from those surrounding the appellee as he approached the Vermont-street crossing. They did not see through appellee's eyes, nor hear through his ears. He testifies positively that he looked for the car as he approached the crossing and did not see it. Appellant insists that he should have looked intently, and that he does not claim to have done so, and that, had he looked intently for the car, he might have seen it and avoided the accident. Perhaps we would be bound to say that the evidence does affirmatively show that, if the appellee had stopped, got off of his wheel, and stood still and gazed intently for a few seconds through the gloom of the night in the direction from which the car was coming,

he could have made out its dim outlines at a distance of 200 feet away and avoided the accident. But we cannot say as a matter of law that ordinary care required such effort on his part to free him from the charge of contributory negligence. He had as much right to the use of the street as had the appellant, and he had the right to presume that appellant's cars would not be run at a reckless rate of speed across the streets of the city. And, again, he had a right to presume that the street cars would be provided, when run at night, with headlights, that citizens using the streets might readily see at a glance, without stopping in their course and straining their gaze to discover, the approach of the cars through the darkness. A different rule applies to the reciprocal rights and duties of travelers on streets, highways and steam railroads at crossings from that which applies to the reciprocal rights and duties of travelers on city streets and street railroads. Street cars are entirely different in their construction, motive power, weight and the ease with which they can be controlled, from locomotive engines and steam cars. The nature of the business is different. The place in which its operations are conducted is different, and these differences vary the rule of caution required of travelers crossing over the street car lines. See *Evansville St. R. Co.* v. *Gentry* (1897), 147 Ind. 408; *Muncie St. R. Co.* v. *Maynard* (1892), 5 Ind. App. 372; *Citizens St. R. Co.* v. *Damm* (1900), 25 Ind. App. 511; *Marchal* v. *Indianapolis St. R. Co.* (1901), 28 Ind. App. 133.

It is claimed that the evidence showed that if the appellee had listened intently he could have heard the noise of the approaching car or the sound of the gong, and that the evidence shows without contradiction that the gong was sounded. It is inferable from the evidence that the appellee did hear the sound of the approaching car, but he testifies, and there can be no possible ground to doubt his testimony on this point—it is undisputed—

that at the very time the car that struck him was approaching from the north another car of appellant was in the immediate proximity, going in the opposite direction; that it was in plain sight of the appellee; that he did not see the car approaching from the north; that he believed that all the noise he heard emanated from the car going north, and was thereby misled and thrown off his guard. This is a sufficient reason to excuse him from heeding the sound. The evidence abundantly shows negligence on the part of the appellant's motorman, that such negligence was the proximate cause of the accident complained of, and that the evidence fails to show that appellee was guilty of contributory negligence. The answers to the interrogatories show that the appellee was entitled to the judgment on the verdict on the first and second paragraphs of the complaint. Therefore there was no error in the court's refusing the peremptory instructions asked by appellant.

Complaint is made that the court erred in refusing to give the fourteenth instruction asked by appellant, which reads as follows: "Wilfulness cannot exist in this case if negligence exists, as charged in the first and second paragraphs of the complaint. Likewise if wilfulness exists negligence cannot exist." The jury were properly instructed as to what proof was necessary to make out a case of negligent injury and what was necessary to make out a case of wilful injury, and we think that no reversible error was committed in refusing the instruction asked.

It is urged that there is no evidence to show that the motorman knew that his headlight was not burning. The evidence was that he stood in the front vestibule of the car, where he could see in front of the car, and it follows from natural laws that if there was no headlight on his car he knew it. Another reason urged for a new trial is the giving by the court on its own motion of

instruction twenty-eight. We have carefully examined the instruction complained of, and, taking it as a whole, it correctly expresses the law, and could not have misled the jury. The sense and meaning of the instruction is not to be obtained from a fragmentary expression or sentence contained in it, but from the instruction in its entirety. When the whole instruction is read there is no room to doubt its meaning and correctness.

It is also urged that the court erred in refusing to require the jury to return more specific answers to interrogatories 71, 72, 73, 74, 75, 76, 77, 78, 86 and 87. There were 115 interrogatories submitted to the jury. The answers to the interrogatories named, so far as they could be made more certain from the evidence, were fully covered by answers to other interrogatories returned with the verdict.

Complaint is also made of the introduction in evidence of the conversation between the witness Harry Bryan, who was a passenger on appellee's car at the time of the accident, and the conductor of the car, after the collision and while the body of the appellee was being dragged under the fender of the car down the street, in which the witness said to the conductor: "There is a man under the car." The admission of this testimony was perhaps erroneous, but it was certainly harmless. The evidence did show without dispute that at the very time the remark was made the appellee was being dragged under the fender of the car, and it certainly could not have influenced the jury that the appellee, instead of being under the car, was under the fender.

It is also complained that a witness was permitted to testify to the appearance of the track the next morning, as tending to prove that the appellee was dragged from the Vermont-street crossing to a point opposite Flanner & Buchanan's undertaking establishment.

There was no substantial dispute about this fact, and the error was therefore harmless.

It is complained that the appellee's wife, after testifying to numerous facts indicating that appellee had lost his senses of taste and smell, was permitted by the court to express her opinion to the effect that appellee had lost these senses. The appellee himself had testified that such was the case, and no evidence was introduced tending to dispute him upon these points. If it was an error it was not one for which this cause should be reversed. Other errors are discussed, but all questions arising under them are covered by the points decided. We are satisfied that substantial justice has been done, and that no reversible error appears in the record.

Judgment affirmed.

Roby, P. J., Watson, Hadley and Comstock, JJ., concur. Myers, C. J., absent.