STATE EX REL. SLUSS *v.* APPELLATE COURT OF INDIANA.

[No. 27,153. Filed December 15, 1938.]

*Carl Humble,* for relator.

SHAKE, J.—This is an original action against the Appellate Court of Indiana, the several judges thereof, and the clerk of that court for writs of mandamus and prohibition. Petitioner was appellant in the cause of *Sluss et al.* v. *Capitol Lumber Company,* No. 15,535, which was affirmed with an opinion in writing by the Appellate Court, in banc, on May 10, 1938. The opinion

of the Appellate Court is reported in 105 Ind. App. 587, 14 N. E. (2d) 745. Rehearing was denied on October 7, 1938.

The action which resulted in the appeal and in the opinion of the Appellate Court here complained of was brought by Capitol Lumber Company against Ellis E. Sluss and Anna E. Sluss et al., in the Morgan Circuit Court. The complaint alleged that the defendants Sluss and Sluss owned certain described real estate in said county; that they purchased materials from the plaintiff to be used in the construction of a building on said premises; that said materials were furnished and used for said purpose; that a lien was duly filed for the balance of said account; and there was a prayer for judgment and for a decree of foreclosure. The complaint was not denied, nor was there any affirmative answer thereto. The cause proceeded to trial, resulting in a finding and judgment against the defendants Ellis E. and Anna E. Sluss, and a decree of foreclosure. From the denial of a new trial an appeal was prosecuted to the Appellate Court by the defendant Anna E. Sluss.

The errors relied upon in the Appellate Court were that the decision of the trial court was not sustained by sufficient evidence and that it was contrary to law. It was specifically claimed by the appellant: (1) that the uncontradicted evidence showed that the building materials referred to were purchased by Ellis E. Sluss, husband of the appellant, and that there was no evidence that he acted as her agent in doing so; and (2) that there was no evidence that said building materials were ever delivered to or used on the real estate described in the complaint, notice, and judgment.

In considering and passing upon the contentions that the evidence was insufficient to sustain a personal judgment against Anna E. Sluss, and that the proof did not show that the materials were delivered to and used on

the farm of Mr. and Mrs. Sluss, the Appellate Court, in its written opinion, said (p. 589) :

"Under both of the assigned errors appellant Anna Sluss challenges the sufficiency of the evidence to warrant the trial court rendering a personal judgment against her.

"In passing upon this question it is only necessary for this court to determine whether there is any evidence which tends to support the decision of the trial court, and if there is such evidence, the judgment, under the well-established rule, will not be disturbed on appeal.

"It appears from the evidence that the husband of appellant Anna Sluss called upon appellee for the purpose of purchasing materials for the construction of a building upon the farm owned jointly by him and his wife; that he was given an estimate of the materials needed; that the materials were sold to Anna and Ellis Sluss and were actually delivered to and used on the farm land; that Ellis Sluss directed appellee to charge the account to him and his wife, Anna Sluss; that Anna Sluss made a payment by check to appellee on the account in the sum of $700; that both Anna and Ellis Sluss were present and supervised the construction of the building; and that appellant Anna Sluss did not deny at any time during the trial of the cause that her husband was her agent.

"In support of her contention that she was not personally liable for the materials furnished, appellant Anna Sluss points out that the original estimate contained the name of her husband and that the delivery tickets contained the statement 'Charge to Ellis E. Sluss.' She urges that these facts establish the contract in question. This contention, however, is not tenable. These facts are evidence of the contract and should be considered, together with all of the other facts and circumstances as disclosed by the record, in determining

the terms of the contract and the parties thereto. It is also urged by appellant Anna Sluss that the evidence is insufficient to warrant the conclusion of the trial court that her husband was acting as her agent in the purchase of the materials.

"It is a well-recognized principle that the relationship of principal and agent can be proved by circumstantial evidence. Appellant Anna Sluss was the wife of the alleged agent and paid a part of the account for the materials sold. The materials were actually furnished and used in the construction of the building upon the real estate jointly owned by them, and appellant Anna Sluss was present and actively supervised the construction of the building in which the materials were used. All of these facts were proper to be considered upon the question of agency. Furthermore, appellant did not deny the agency.

"Under such facts and circumstances, in the absence of proof to the contrary, the trial court was warranted in concluding that appellant's (Anna Sluss) husband was acting as her agent in the purchase of the materials."

While it may be conceded that the Appellate Court might have devoted more time and space to the discussion of the alleged errors, we are not at liberty to say that it should have done so, or that its failure to discuss them more fully constituted a refusal to decide them or to give a statement in writing of the questions arising thereon. Much about which plaintiff complains relates to the proposition that the Appellate Court erroneously decided questions of law presented by her in her appeal. Section 4-215 Burns' Ann. St. 1933, section 1359 Baldwin's Ind. St. 1934, provides a method for the transfer of cases from the Appellate Court to this court when it is claimed that the opinion of the Appellate Court contravenes a ruling

precedent of this court, or that a new question of law is directly involved and was decided erroneously.

Section 5 of article 7 of the Constitution of Indiana requires that: "The Supreme Court shall, upon the decision of every case, give a statement in writing of ■ each question arising in the record of such case, and the decision of the Court thereon." Section 15 of chapter 247, Acts of 1901 (§4-209 Burns 1933, §1364 Baldwin's 1934) provides that: "The rules of court (Supreme Court), pleadings, practice, and proceedings in cases assigned or transferred to said divisions (of the Appellate Court), shall be the same as provided by or for the Supreme Court." It has been held that under the constitutional provision and statute quoted, the Appellate Court is required to "give a statement in writing of each question arising in the record of such case and the decision of the court thereon," to the same extent as is this court. *Hunter et al.* v. *Cleveland, etc., R. Co.* (1930), 202 Ind. 328, 174 N. E. 287.

The constitutional provision quoted above must have, however, a reasonable interpretation as well as a practical application. It is not to be presumed that the framers of that document intended that this court should be required to exhaust every subject that might be raised on an appeal, without regard to its importance in the determination of the cause.

In the case of *Willets* v. *Ridgway* (1857), 9 Ind. 367, 369, 370, Perkins, J., speaking for this court, said:

"It is true that the constitution, by an unwise provision, requires that this Court shall give a written opinion upon every point arising in the record of every case—a provision which, if literally followed, tends to fill our Reports with repetitions of decisions upon settled, as well as frivolous, points and often to introduce into them, in the great press of business, premature and not well considered opinions, upon points only slightly

argued; yet it is a provision not to be disregarded, though merely directory, like that requiring the legislature to use good *English*. But though the provision is not to be disregarded, it is to be observed according to some construction, and should receive such a one as to obviate its inconvenience and objectionable character, as far as consistently can be done.

"It often happens that a point is raised involving an important principle, but of minor consequence in its bearing upon the particular case, while it presents the material question in some other pending cause. Now, to decide it in the case where, from its subordinate position, it is but carelessly argued, by one side or the other, if at all, and hence, perhaps, but hastily considered by the Court, is unjust to counsel whose subsequently pending cause is thus prejudged, without their being heard, and upon an argument on which they would be unwilling to rest it. It is this class of decisions which forms the bane of judicial reports.

"These, and other considerations, have led the Court to inquire—When does a question, in the sense of the constitution, arise in the record?

"We do not think it does so merely because it is raised by counsel, nor because it is presented in the assignment of errors. Nor, necessarily, because it is raised in a bill of exceptions. It must be a question, the decision of which is necessary to the final determination of the cause; and which the record presents with a fullness and distinctness rendering it possible for the Court to comprehend it in all its bearings."

Mandate and prohibition are extraordinary remedies and they ought not to be invoked unless the relief sought is clear. Such writs are prerogative in character and their issuance rests largely in the sound discretion of the court. *State ex rel.* v. *Foland, Auditor* (1921), 191 Ind. 342, 132 N. E. 674. It may

be conceded that it might become the duty of this court to apply such a remedy if it were clearly shown that the Appellate Court had utterly failed or refused to discharge its constitutional and statutory duty with reference to deciding questions and writing opinions, but the character of the showing that would have to be made to induce this court to so act is quite a different thing. All appellate tribunals whose opinions are officially reported and published are confronted with many practical problems relating to the matter of the extent to which the questions presented and attempted to be presented shall be discussed. Written opinions perform a dual purpose. They serve to explain to the parties litigant the reasons for the conclusion reached, and they become precedents for the guidance of the courts and the profession. Parties and their counsel who have been unsuccessful on appeal must not lose sight of the two-fold reason for written opinions and published reports.

The volume of cases reported by the appellate courts of this country has reached staggering proportions and those who are acquainted with the situation are concerned with the problem and its solution. It is unfortunately true that a vast number of the reported cases serve no good purpose whatever. They fill the books with inconsequential matter so that it becomes increasingly more difficult to find the grain of useful reasoning because it is buried in a stack of worthless chaff. In some jurisdictions the courts have been authorized to say which of their opinions shall be officially reported. In others only a simple syllabus of the written opinion is required to be published. We believe that it is almost the universal opinion of experienced judges and lawyers that lengthy opinions should be avoided whenever this can be done with due and proper regard for the nature and character of the subject involved.

The observations that we have made are by way of

introduction to a statement of what we conceive should be the policy of this court when it is called upon to exercise its original mandate jurisdiction against the Appellate Court of Indiana upon a charge that it has failed to decide all the questions presented to it upon an appeal, or has omitted to discuss each question arising in the record. The presumption will be indulged in the first instance that the Appellate Court has performed its duty in accordance with the Constitution and the statute. This court will recognize that the Appellate Court possesses broad inherent discretion to determine what questions are presented to it by the record on appeal, and what amounts to a sufficient discussion of those questions. Finally, this court will exercise its own prerogative to deny an application for a writ of mandate upon a consideration of the petition, unless it appears therefrom to the satisfaction of this court that justice has been denied the complainant by the failure of the Appellate Court to discuss some substantial question properly presented for its consideration by the record.

The case at bar falls far short of meeting the standards that this court will require before assuming jurisdiction for the purposes sought.

The application for an alternative writ of mandate against the Appellate Court of Indiana, and the respective judges thereof, and the application for a temporary writ of prohibition against the clerk are therefore denied.

Hughes, J., absent.