STATE EX REL. MEADE *v.* MARION SUPERIOR COURT, ROOM NO. 1., BELL, JUDGE.

[No. 29,992. Filed May 3, 1961. Rehearing denied June 23, 1961.]

*Hagemier & Shannon, Thompson, O'Neal & Smith, Joseph M. Shannon, Patrick J. Smith* and *James R. McClarnon,* all of Indianapolis, for relator.

*Hugh A. Thornburg* and *Maurice R. Petit,* both of Indianapolis, for respondents.

JACKSON, J.—Relator has filed an original action in this court for a Writ of Prohibition and Mandate to restrain respondent from proceeding further in cause No. S-60-5156 in respondent court, and to require the respondent, Walter M. Bell, Judge of said Court, to expunge from the records the order requiring the production of certain books and records. We issued the temporary writ.

It appears from the record that the relator is a resident of Marion County, Indiana, is President and a Director of Farm and Home Insurance Company, an Indiana corporation organized and existing under the insurance and corporate laws of this state, and presumably engaged in the insurance business as defined by Acts 1935, ch. 162, §1, p. 588, being §39-3203, par. (d), Burns' 1952 Replacement.

It further appears that relator is President and a Director of Farm and Home Agency, Inc., an Indiana corporation, allegedly exclusive general agent for Farm and Home Insurance Company. It further appears that Farm and Home Agency, Inc. owns more

than seventy-five (75) per cent of the issued and outstanding stock of Farm and Home Insurance Company, and that the same persons are officers and directors of both corporations.

The original action entitled H. W. McKinney and Rachelie McKinney in behalf of themselves and all other stockholders of Farm and Home Agency, Inc. v. Farm and Home Agency, Inc., Philip H. Meade, et al, now pending in Superior Court of Marion County, Indiana, No. S-60-5156, asks for equitable relief, for an accounting and for the appointment of a receiver.

To this complaint the relator demurred, questioning the jurisdiction of the respondent court over the persons of the defendant, the subject matter of the action and of the case. At the same time relator filed a motion in respondent court requesting the court to expunge from its records the order requiring defendant to produce certain books and papers. Both the demurrer and the motion were overruled by the court. From such adverse ruling stems this original action.

To the temporary writ issued by this court, the respondent filed a verified return averring that the respondent judge was and is the duly elected, qualified and acting judge of the Superior Court of Marion County, Indiana, Room 1, and at all times referred to herein was so acting; that respondent court is a court of record and of general jurisdiction, pursuant to §4-1401 to §4-1421, inclusive, Burns' 1946 Replacement, and as such is possessed with full power and jurisdiction, both inherent and statutory, to hear and decide stockholders derivative suits and receivership matters. Respondent also raises the

question of relators compliance with Rule 2-35 of the Indiana Supreme Court.

The issues raised in this action present two questions for our consideration:

A. The jurisdiction of the trial court to hear and determine the action there pending;

B. Whether or not relator has complied with Rule 2-35 of this court.

On the question of jurisdiction, the relator urges that the lower court can not entertain the action there pending in view of the provisions of Acts 1935, ch. 162, §270a, p. 588, being §39-5023, Burns' 1952 Replacement, reading as follows:

> "Actions prohibited.—No order, judgment, or decree providing for an accounting or enjoining, restraining or interfering with the operation of the business of any insurance company, association, or society, to which any provision of this act is applicable, or for the appointment of a temporary or permanent receiver thereof, shall be made or granted otherwise than upon the application of the department, except in an action by a judgment creditor or in proceedings supplemental to execution."

In passing upon the above question we must of necessity determine whether or not the defendant below, Farm and Home Agency, Inc., is an "insurance company, association, or society, to which any provision of this act is applicable,". (§39-5023 Burns' 1952 Replacement, supra.)

We refer to the definition section of Acts 1935, ch. 162, §3, p. 588, being §39-3203, Burns' 1952 Replacement, for assistance in ascertaining the intent of the legislature on the question here involved.

Section (a) defines "Insurance" as follows:

"(a) 'Insurance' means a contract of insurance or an agreement by which one party, for a consideration, promises to pay money or its equivalent or to do an act valuable to the insured upon the destruction, loss or injury of something in which the other party has a pecuniary interest, or in consideration of a price paid, adequate to the risk, becomes security to the other against loss by certain specified risks; to grant indemnity or security against loss for a consideration."

Section (d) defines "Company" as follows:

"(d) The term 'company' means an insurance company and includes all persons, partnerships, corporations, associations, orders or societies engaged in or proposing to engage in making any kind of insurance authorized by the laws of this state."

Section (i) defines "agent" as follows:

"(i) The term 'agent' means any person, firm or corporation, not being an officer or salaried home or department office employee of a company or a duly licensed insurance broker, who solicits business in behalf of any company, corporation or association or transmits for a person other than himself an application for a policy of insurance of any kind to or from such company, corporation or association; to act in the negotiation of any such policy or in the negotiation of its continuance or renewal; to write and countersign policies and collect premiums therefor.

"A general, district, branch office, state or special agent is a person, firm or corporation acting under authority of any insurance company to supervise and appoint agents, to inspect risks and otherwise transact business for and as representative of such company."

In view of the unambiguous language of the statute and the legislative intent as evidenced by the defi-

nition sections of the Act as above cited we ■ are required to find, and do here so find, that the defendant below, Farm and Home Agency, Inc., does not *make insurance* within the purview of the Act, but merely acts as agent, broker or representative for the solicitation of insurance business. Hence the lower court had and has jurisdiction to hear and determine the issues raised by the complaint below.

In view of the decision we have reached it is not necessary to and we do not pass on the question as to compliance with Rule 2-35.

The alternative writ heretofore issued is dissolved and a permanent writ is denied.

Bobbitt, C. J., Achor, Arterburn and Landis, JJ., concur.

### ON PETITION FOR REHEARING

JACKSON, J.—Relator has filed herein his petition for a rehearing in this cause alleging:

"1. This Court decided only that "Farm and Home Agency, Inc., does not *make insurance* within the purview of *Burns'*, Section 39-5023, no such question was presented in this Court or the Respondent trial court.

"2. Two questions arose on Realtor's record in this case:

"(a) Does the alleged derivative suit by shareholders for a receiver and the motion to produce records (Exhibits A and C to petition for writ) constitute an interference with the business of Farm and Home Insurance Company so as to bring such an action within the prohibition of *Burns'* 39-5023 and thus deprive Respondent of jurisdiction?

"(b) Does the prayer (rhetorical paragraph 1) in a derivative suit by shareholders for an accounting of the profits or losses of Farm and

Home Insurance Company bring such suit within *Burns'* 39-5023 so as to deprive Respondent of jurisdiction when said unambiguous statute clearly provides in part that no order, judgment or decree providing for an accounting or enjoining, restraining or interfering with the operation of the business of an insurance company shall be made or granted, except upon application of the Department of Insurance?"

The relator is in error as regards proposition one as stated in his petition for rehearing, as of necessity that question was one of the determinable issues under the very statute on which relator relied, Acts 1935, ch. 162, §270a, p. 588, being §39-5023, Burns' 1952 Replacement. The relator in its brief admits that it does not make insurance and therefore is not an insurance company.

Relator, at page five of its brief in support of application for rehearing, sets out that Article 7, Section 5, of the Constitution of the State of Indiana, requires this court to give a statement and decision in writing on questions presented in paragraphs 2(a) and 2(b) of the application for rehearing. The law on this point is very clear, as was decided by this court shortly after the adoption of our present Constitution. The Supreme Court held that Article 7, Section 5, referred only to such questions arising in the record and the decision of which was necessary to the final determination of the cause in the Appellate or Supreme Courts.

". . . It has been the frequent practice of the Court, in cases where a single point would put an end to a case, to decide that point and no other." *Willets* v. *Ridgeway* (1857), 9 Ind. 367, 370;

"Many questions are presented by the record in almost every appeal taken to the Supreme

or Appellate Courts that are not considered or decided by the court, for the reason that their consideration and decision are unnecessary to the determination of the appeal." *Indianapolis St. R. Co.* v. *Taylor* (1906), 39 Ind. App. 592, 596, 80 N. E. 436.

For the reasons stated it is unnecessary for this court to decide the issues presented in paragraph 2(a) and 2(b) of relator's application for rehearing.

We further point out that *Farm and Home Insurance Company* is not a party to this action.

Finally, we can not presume that a receiver of Farm and Home Agency, Inc., if appointed, ▮ would interfere with the operation of Farm and Home Insurance Company.

Petition for rehearing denied.

Landis, C. J., Bobbitt, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 174 N. E. 2d 408. Rehearing denied 175 N. E. 2d 423.