The FORT WAYNE PATROLMAN'S BENEVOLENT ASSOCIATION, INC., Plaintiff–Appellant,

v.

The CITY OF FORT WAYNE, Defendant–Appellee.

No. 3–877 A 214.

Court of Appeals of Indiana, Fourth District.

Oct. 15, 1980.

Stephen L. Williams, Snouffer, Haller & Colvin, Fort Wayne, for plaintiff–appellant.

Carol A. Angel, Associate City Atty., Fort Wayne, argued for defendant–appellee; William N. Salin, Larry J. Burke, Fort Wayne, on brief.

## ON PETITION FOR REHEARING

CHIPMAN, Judge.

In its petition for rehearing, Fort Wayne Patrolman's Benevolent Association (PBA) contends this court failed to give a statement in writing addressing all the arguments and issues raised by appellant, referring specifically to our failure to address: (1) whether policemen have a right to (a) select a collective bargaining representative, (b) enter into collective bargaining with municipalities, and (c) enter into collective bargaining agreements; (2) whether the trial court was correct when it interpreted the Indiana Public Employee Labor Relations Act, Ind.Code § 22–6–4–1 et seq. as prohibiting policemen from engaging in collective bargaining, and (3) whether the trial court committed reversible error when it entered summary judgment in favor of the City of Fort Wayne based upon its interpretation of the Public Employee Labor Relations Act.

■ We remain firm in our resolve that it would be nothing more than an exercise in futility for us to address these allegations since determination of these issues would have no effect upon this litigation. Indeed, the PBA itself has not asserted resolution of these questions would have any effect upon the outcome of this appeal. Its assertion seems to be that once issues have been presented, we must address them. The law does not, however, require us to engage in such an empty ritual. As a broad, fundamental rule, questions which are not essential to a proper determination of an appeal will not be considered or decided. 2 I.L.E. Appeals § 467.

Our Supreme Court in *State ex rel. Meade v. Marion Superior Court, Room No. 1,* (1961) 242 Ind. 22, 175 N.E.2d 423, quoting from *Willets v. Ridgway,* (1857) 9 Ind. 367, 370, noted:

" '. . . it has been the frequent practice of the Court, in cases where a single point would put an end to a case, to decide that point and no other.' "

The Court went on to add:

" 'Many questions are presented by the record in almost every appeal taken to the Supreme or Appellate Courts that are not considered or decided by the court, for the reason that their consideration and decision are unnecessary to the determination of the appeal.' *Indianapolis St. R. Co. v. Taylor,* 1906, 39 Ind.App. 592, 596, 80 N.E. 436, 438."

175 N.E.2d at 424.

■ Deciding whether policemen have the right to enter into collective bargaining or whether the trial court incorrectly interpreted a statute which has since been declared unconstitutional, would not alter our determination that this contract was invalid because the Mayor of Fort Wayne did not have the authority to enter into such an agreement. We, therefore, will not address these issues.

■ We also reject the PBA's assertion that it was erroneous to uphold the trial court's entry of summary judgment based upon a different theory than was expressed by the trial court. Our review of this appeal disclosed that as a matter of law, the Mayor was not empowered to bind the City of Fort Wayne to this agreement. We therefore, believe it was proper to affirm an entry of summary judgment which was in the last analysis, correct. We also note, both parties addressed the merits of the theory upon which this judgment was affirmed.

■ The PBA also argues that if the Mayor could not bind the City of Fort Wayne to an agreement governing the wages for the police force, the wage provisions in the agreement should be severed from the contract and the remainder of this collective bargaining agreement should then be upheld. We believe the PBA has overlooked that in our original opinion, we

not only held the Mayor had no authority to bind the City to a contract fixing the wages for the police department, but we also held he had no authority generally to manage and control the operation of the police force and, consequently, could not bind the City to this agreement which determined internal policies for the department.

"The Common Council had the exclusive authority to set the salaries of members of the Fort Wayne police department.... Subject to this limitation, the Board of Public Safety retained the power to manage and control the police force. Ind.Code 18–1–11–1 and 2; *see also State ex rel. Mavity v. Tyndall*, (1946) [224 Ind. 364], 66 N.E.2d 755. Thus, the Mayor had no statutory authority to bind the City of Fort Wayne to this collective bargaining agreement."

*The Fort Wayne Patrolman's Benevolent Association, Inc. v. The City of Fort Wayne*, (1980), Ind.App., 408 N.E.2d 1295. We, thus recognized the Mayor was not empowered to bind the City to this contract since the Common Council controlled the purse strings for the police department, and the Board of Public Safety retained the ultimate management control over departmental affairs. Even if the wage provisions could be severed from the agreement, the Mayor was without the statutory authorization to bind the City to the remainder of the agreement. IC 18–1–11 1 and 2; *see State ex rel. Austin v. Miller*, (1979) Ind. App., 395 N.E.2d 830.

■ In the PBA's final allegation it asserts the City should have been estopped from denying the validity of this collective bargaining agreement because, "A party such as the PBA should be able to rely upon the *City's* authority to enter into a collective bargaining agreement under these circumstances, ...." (emphasis added) We note, it was not the *City* who we held had no authority to enter into this agreement; it was the *Mayor*. Contrary to the PBA's assertions, the Mayor's authority to generally sign contracts under Ind.Code 18–1–6–2 did not authorize him to enter into the contract at bar since the matters involved were delegated to other government officials.

Petition for rehearing denied.

YOUNG, P. J., concurs.

HOFFMAN, J. (sitting by designation), concurs.