BENJAMIN, Justice,
concurring:
I agree with the Majority’s decision to affirm Mr. Coles’s conviction. I write separately because I disagree with the Majority’s decision to overrule State v. Rogers, 209 W.Va. 348, 547 S.E.2d 910 (2001). The dis-positive issue in this case was whether Mr. Coles waived his double jeopardy claim. Despite concluding that he waived the claim, thereby resolving this case, the Majority opinion proceeds to then examine and ultimately overrule Rogers — a course of action having no bearing on the outcome of the ease at bar. See 5 C.J.S. Appeal and Error § 822 (2007) (“Appellate courts ... will generally not decide questions not necessary or material to the determination of the cause ... or .question á decision which would not affect the result.”); Law Offices of Ronald J. Palagi P.C., L.L.O. v. Howard, 275 Neb. 334, 747 N.W.2d 1, 17 (2008); (“An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the ease and controversy before it.”); State Bd. of Equalization v. Jackson Hole Ski Corp., 745 P.2d 58, 59 (Wyo.1987) (“Appellate courts ... must not ... declare principles of law which cannot have any practical effect in settling the claims of the litigants.”); State ex rel. Meade v. Marion Superior Court, Room No. 1, 242 Ind. 22, 175 N.E.2d 423, 424 (1961) (“[I]t has been the frequent practice of the Court, in cases where a single point would put an end to a case, to decide that point and no other.”); Carson v. Ross, 509 N.E.2d 239, 244 (Ind.Ct.App.1987) (“Issues which are unnecessary to a full and fair determination of an appeal will not be addressed.”). While I, too, may question Rogers, this case was not the proper time to raise the issue. I would have left the question of Rogers’s validity to another day.