### CLAWSON v. BLACK.

[No. 11,463.  Filed March 14, 1923.  Rehearing denied June 6, 1923.]

1. APPEAL.—*Review.*—*Overruling Motion to Make Complaint Specific.*—*Harmless Error.*—The overruling of a motion to make a complaint more specific will not constitute reversible error, unless it is shown affirmatively to have injured appellant. p. 112.

2. TRIAL.—*Interrogatories to Jury.*—*Scope of Subject-Matter.*— *Statutes.*—Under §572 Burns 1914, Acts 1897 p. 128, providing for the submission of interrogatories to the jury, only questions of fact may be inquired into by the interrogatories. p. 113.

3. TRIAL.—*Answers to Interrogatories.*—*"Ultimate Fact."*—An ultimate fact which may be found by the jury in answer to a special interrogatory is one which can reasonably be inferred from the facts found, without applying to the facts any legal principle or measuring them by any legal standard.  p. 113.

4. TRIAL.— *Interrogatory Involving Question of Law.*— *Propriety.*—In an action for personal injuries, an interrogatory whether plaintiff "failed to use reasonable and ordinary care, which failure served in part to cause the injury," was improper, since the answer thereto involved a question of law, and such answer must, therefore, be disregarded in passing upon a motion for judgment on the interrogatories.  p. 113.

5. TRIAL.—*Reopening Case for Further Evidence.*—*Discretion of Court.*—After plaintiff has announced that he has no fur-

ther evidence, and has rested his case, it is a matter within the discretion of the court whether the case may be reopened for the reception of additional evidence in behalf of plaintiff. p. 114.

From Franklin Circuit Court; *Charles A. Lowe,* Special Judge.

Action by Harry A. Black against Lewis A. Clawson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Roscoe C. O'Byrne,* for appellant.
*Marshall R. Alexander,* for appellee.

REMY, J.—Action by appellee against appellant to recover damages for personal injuries alleged to have been sustained by appellee because of the negligence of appellant's son, Harry Clawson, while acting as the agent of appellant in the driving of appellant's automobile. Among other things, it is averred in the complaint, in substance, that at the time appellee received the injuries complained of, appellant's son, who was driving the automobile, "was acting as the agent and employe, and * * * was under the management and control of" appellant "in the driving of said automobile." Appellant filed a motion asking the court to require appellee, in his complaint, "to state definitely the facts justifying the conclusion that" appellant's son "was at the time of the collision acting as the agent of" appellant "in the driving of the automobile." If it could be said that the averment in the complaint that appellee's son, at the time he was driving the automobile, was the agent of appellant, is a conclusion, which we do not decide, appellant could not have been harmed by the action of the court in overruling the motion, for the ruling could not have been harmful to appellant. It is only where it affirmatively appears from the record that the complaining party has

been harmed that the action of the court in overruling a motion to make more specific is reversible error. *Lipnik* v. *Ehalt* (1921), 76 Ind. App. 390, 132 N. E. 410; *Howard* v. *Merker* (1920), 73 Ind. App. 400, 127 N. E. 807; *Cleveland, etc., R. Co.* v. *Wolf, Admr.* (1920), 189 Ind. 585, 128 N. E. 38; *Phoenix Ins. Co.* v. *Rowe* (1889), 117 Ind. 202, 204, 20 N. E. 122. See, also, *Knickerbocker Ice Co.* v. *Gray* (1908), 171 Ind. 395, 84 N. E. 341; *Ft. Wayne Iron, etc., Co.* v. *Parsell* (1911), 49 Ind. App. 565, 94 N. E. 770.

A trial of the cause resulted in a verdict and judgment for appellee. With the general verdict, the jury returned answers to five interrogatories submitted by the court. By the answers to interrogatories numbered from one to four inclusive, the jury found that appellant's son who was driving the automobile was, at the time in question, over twenty-one years of age; was in the service and employment of appellant, and, in the driving of the automobile when the injury to appellee occurred, was acting within the scope of such employment; and that he failed to exercise reasonable and ordinary care. By the answer to interrogatory No. 5, the jury found that appellee, at the time he received the injury complained of, "failed to use reasonable and ordinary care, which failure served in part to cause the injury." A motion by appellant for judgment on answers to interrogatories notwithstanding the general verdict was overruled; and this action of the court is assigned as error.

Under the statute providing for the submission to the jury of interrogatories, the answers to which are to be returned with the general verdict, it is only questions of fact that may be inquired into by such interrogatories. §572 Burns 1914, Acts 1897 p. 128. It is contended by appellant that the interroga-

tory under consideration asks for an ultimate fact, and was properly submitted to the jury.   An ultimate fact which may be found by the jury is one which can reasonably be inferred from the facts found, without applying to the facts any legal principle, or measuring them by any legal standard.   To answer interrogatory No. 5, the jury was required to state whether or not appellee was at the time in the exercise of reasonable and ordinary care.   The law fixes the standard by which "reasonable care" or "ordinary care" must be determined.   Jurors are not presumed to know this standard, and the court has no means of knowing whether in reaching the conclusion indicated by the answer that the jury applied the correct legal standard or not.   We hold that an answer to the interrogatory in question necessarily involves a question of law, and that the jury's answer is a conclusion which must be disregarded in the consideration of the motion for judgment on the answers to interrogatories notwithstanding the general verdict.   *Dodge Mfg. Co.* v. *Kronewitter* (1914), 57 Ind. App. 190, 104 N. E. 99; *Terre Haute, etc., Trac. Co.* v. *Hunter* (1916), 62 Ind. App. 399, 111 N. E. 344; *Pennsylvania Co.* v. *Reesor* (1915), 60 Ind. App. 636, 108 N. E. 983; *Avery* v. *Nordyke & Marmon Co.* (1904), 34 Ind. App. 541, 70 N. E. 888; *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 150, 125 N. E. 193; *Town of Boswell* v. *Wakley* (1897), 149 Ind. 64, 69, 48 N. E. 637; *Conner* v. *Citizens Street R. Co.* (1886), 105 Ind. 62, 65, 4 N. E. 441, 55 Am. Rep. 177; Id. (1896), 146 Ind. 430, 45 N. E. 662.

After appellee, as plaintiff in the trial court, had introduced his evidence and rested, appellant moved the court that the jury be peremptorily instructed to return a verdict in appellant's favor.   Whereupon the court, on motion of appellee, and before it had ruled on the motion to direct verdict, reopened

the case and permitted appellee to introduce further evidence. This action of the court is assigned as a reason for a new trial. Whether a case will be reopened for the reception of additional evidence for plaintiff after the plaintiff has announced that he has no further evidence, and has rested his case, is a matter within the sound discretion of the court. The action of the trial court herein, in reopening the case and permitting appellee to introduce additional evidence, was a proper exercise of judicial discretion. *Penn.* v. *Georgia Southern, etc., R. Co.* (1907), 129 Ga. 856, 60 S. E. 172; *Texas & Pacific Ry.* v. *Rosborough* (1914), 235 U. S. 429, 35 Sup. Ct. 117, 59 L. Ed. 299. See, also, *Williams* v. *Allen, Admr.* (1872), 40 Ind. 295.

The instructions to the jury when taken as a whole fairly state the law of the case.

The verdict is sustained by the evidence.

Affirmed.