TUCKER FREIGHT LINES, INC., ET AL. *v.* GROSS

[No. 16,439. Filed April 17, 1941. Rehearing denied May 27, 1941. Transfer denied October 17, 1941.]

*Shively & Shively, Seebirt, Oare & Deahl,* and *Robert L. Oare,* all of South Bend, for appellants.

*Aaron H. Huguenard* and *McInerny & Huguenard,* all of South Bend (*Shepherd J. Crumpacker,* of South Bend, of counsel), for appellee.

FLANAGAN, J.—The complaint in this case alleges that while plaintiff (appellee here) was riding at night, in an automobile driven by one John Challek, it approached, from the rear, a truck and semi-trailer owned by the Tucker Freight Lines, Inc., which its agent and employee, Delbert Smith, had parked on the traveled portion of the highway without causing to be displayed at a distance of approximately 300 feet to the rear thereof a brilliant burning danger or caution signal as required by law; that a collision resulted, whereby plaintiff was injured.

To this complaint, the defendants filed an answer of general denial. Upon the issues so joined, the cause was submitted for trial to a jury which returned a verdict for the plaintiff in the sum of $10,000.00.

Twenty-four (24) interrogatories were submitted to and answered by the jury.

Defendants moved for judgment in their favor on the answers to the interrogatories, notwithstanding the general verdict, assigning as the reason that "said answers are in irreconcilable conflict with the general verdict for the plaintiff." This motion was overruled, and the correctness of this ruling is the only question presented for review.

Two contentions are advanced. First, that the record discloses that any contributory negligence on the part of the driver of the car in which appellee was riding is imputed to appellee because of the fact that appellee owned the car in which they were riding, and that the answers to the interrogatories show, in irreconcilable

conflict with the general verdict, that the driver of the car was guilty of contributory negligence. Second, that the answers to the interrogatories show, in irreconcilable conflict with the general verdict, that the negligence of the driver of appellee's car, rather than any negligence of appellants, was the proximate cause of appellee's injuries.

We first direct our attention to interrogatories 21 and 22. Appellee contends that these interrogatories call for conclusions and should be disregarded. They read as follows:

> "21. Could the driver of the automobile, John Challek, have seen the truck in time to have stopped the automobile, had he looked with reasonable care?
> "22. Could the driver of the automobile, John Challek, have seen the truck in time to have turned the automobile to the left and avoided the collision had he looked with reasonable care?"

Obtaining from the jury its finding on certain involved facts is an important part of the system of checks and balances which permeates the field of procedural law. In reaching a general verdict, the jury takes the law from the instructions of the court and applies that law to the facts, as it finds them to be, in formulating its final conclusion. But the jury may misunderstand the court's instructions or erroneously apply the law so given it. As a check on these entirely human errors, the court may submit interrogatories to the jury to discover what facts the jury did find from the evidence, so that it may apply the law to the facts so found. Obviously, this purpose would be defeated if the questions so propounded call, not for facts alone, but for conclusions based on facts with the law applied thereto.

It is therefore improper to submit interrogatories calling for such conclusions, and answers so elicited

must be disregarded. § 2-2022, Burns' 1933; *Citizens Tel. Co.* v. *Prickett* (1920), 189 Ind. 141, 150, 125 N. E. 193; *Clawson* v. *Black* (1923), 80 Ind. App. 111, 113, 138 N. E. 362.

The difficulty is encountered in the attempt to differentiate between interrogatories calling for facts and those calling for conclusions of mixed fact and law.

In the case of *Dodge Mfg. Co.* v. *Kronewitter* (1914), 57 Ind. App. 190, 198, 104 N. E. 99, the court said:

"The distinction between 'ultimate facts' and 'mere conclusions' is not always clear."

"If in answering an interrogatory, the jury is required not only to consider the facts, but also is required to apply some legal principle to such facts, or to measure them by some standard fixed by law in order to reach the conclusion required by the answer, then the answer which results must be a legal conclusion and not an ultimate fact."

In *Clawson* v. *Black, supra,* at p. 114, the court said:

"An ultimate fact which may be found by the jury is one which can reasonably be inferred from the facts found, without applying to the facts any legal principle, or measuring them by any legal standard."

In other words, if the questionable word or phrase in the interrogatory calls upon the jury to use only the "common use" or "dictionary" definition to ascertain its meaning, the interrogatory asks for a finding of fact. However, if the questionable word or phrase requires from the court an instruction as to its legal meaning, the interrogatory asks for a conclusion of mixed law and fact.

The questionable phrase in each of the two questions numbered 21 and 22 in this case is "reasonable care."

The law fixes the standard by which "reasonable care" must be determined. On this point, the court in the case of *Clawson* v. *Black, supra,* said, at p. 114:

"To answer interrogatory No. 5, the jury was required to state whether or not appellee was at the time in the exercise of reasonable and ordinary care. The law fixes the standard by which 'reasonable care' or 'ordinary care' must be determined. Jurors are not presumed to know this standard, and the court has no means of knowing whether in reaching the conclusion indicated by the answer that the jury applied the correct legal standard or not. We hold that an answer to the interrogatory in question necessarily involves a question of law, and that the jury's answer is a conclusion which must be disregarded in the consideration of the motion for judgment on the answers to the interrogatories notwithstanding the general verdict."

In the case of *Terre Haute, etc. Traction Co.* v. *Hunter* (1916), 62 Ind. App. 399, 417, 111 N. E. 344, the following interrogatory was involved: " 'Could the motorman in the exercise of ordinary care have stopped his car and prevented striking plaintiff after he discovered plaintiff on said bridge? . . .' " The court held that it called for a conclusion and was therefore improper.

In the case of *Dodge Mfg. Co.* v. *Kronewitter, supra,* the jury by answer to an interrogatory, there numbered 162, found that, "if appellee had exercised the care for his own safety reasonably to be expected from one of his age and experience placed in the same or similar circumstances, he could have discovered while in appellant's employ before the injury that when the valve in the northwest corner of the room was shut, the air remaining in the pipe had force enough to injure him." The court said, at p. 200:

"By its answer to interrogatory No. 162 the jury did not find that appellee might have discovered the dangerous condition by the exercise of

'due care,' or by the exercise of 'ordinary care.' If the question had been so framed as to call for such an answer, the resulting answer would be a conclusion of law. The law fixes a standard by which 'due care' or 'ordinary care' must be measured and determined. The jurors are not presumed to know this standard; and, if they should answer such a question, the court could not know whether they applied the correct legal standard in reaching their conclusion or whether they reached it by applying some standard of their own not in accordance with the standard fixed by law. It is apparent that such an answer involving the consideration and application of a legal standard could not be treated as the finding of an ultimate fact. In answering that appellant could have known of the danger of which he complains by the exercise of the care reasonably to be expected from one of his age and experience placed in the same or similar circumstances, the jury was not required to consider or apply any principle of law to the facts upon which it based its answer, nor was it required to measure his conduct by any standard other than that disclosed in the interrogatory. For the reasons stated the answer to interrogatory No. 162 stated an ultimate fact."

It is to be noted that the interrogatory approved by the court includes, not the phrases, "reasonable care" or "ordinary care" or "due care," which require legal definition, but the phrase, "by the exercise of the care reasonably to be expected from one of his age and experience placed in the same or similar circumstances." No instruction of the court is necessary to ascertain the meaning of the latter phrase.

In the case of *Board of Commissioners of Huntington County* v. *Bonebrake* (1896), 146 Ind. 311, 316, 45 N. E. 470, two interrogatories were involved. Interrogatory there numbered 32 read:

" 'Was the plaintiff, in passing over said bridge, . . . exercising such care, caution and prudence

as persons of ordinary prudence would and do exercise under like circumstances?'"

Interrogatory there numbered 36, at p. 315, read:

"'. . . Was not said injury received without any fault or negligence of the defendant? . . .'"

The court said at p. 317:

"This interrogatory (32) and that numbered 36, it is contended, each submitted to the jury a question of law. The conclusion of negligence is not for the jury where a special verdict is returned. *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582; *Conner* v. *Citizens' Street R. W. Co.,* 105 Ind. 62; *Chicago, etc., R. W. Co.* v. *Burger,* 124 Ind. 275; *Louisville, etc., R. W. Co.* v. *Lynch* (Ind. Sup.), 44 N. E. 997. It involves both the law and the facts. Interrogatory 36, therefore, was improper. The degree of care which persons of ordinary prudence would exercise under given circumstances is such as the law pronounces sufficient to relieve the actor from fault. . . .

"The interrogatory numbered 32 did not ask the statement of a legal conclusion, . . ."

"Negligence" is the "failure to use reasonable care." But both phrases need legal defining. Failure to use reasonable care is failure to use that care "which an ordinarily prudent person would use under the same or similar circumstances." Now the definition is complete with words that require only the "common use" or "dictionary" definition.

Had question 21 read, "Could the driver of the automobile, John Challek, have seen the truck in time to have turned the automobile to the left and avoided the collision had he looked with the care which an ordinarily prudent person would have used under the same or similar circumstances," it would have contained the legal elements of reasonable care in words requiring no legal definition and would have asked for a finding of fact.

The same would be true of question 22 had it contained similar language. Containing, as they did, the phrase, "with reasonable care," we hold that ██ questions 21 and 22 are improper and the answers thereto must be disregarded.

Our attention is called to the case of *C. & E. I. R. Co.* v. *Cottrell, Admr.* (1933), 97 Ind. App. 202, 178 N. E. 178, in which the following interrogatories were approved as calling for ultimate facts and not conclusions of law:

> " 'Could the decedent have seen the approaching train in time to have stopped his car had he looked with reasonable care?' "
> " 'Could the decedent have heard the noise and rumble of the approaching train had he actually listened with reasonable care when he was at a point 50 feet from the crossing?' "

In that case, however, the authorities herein cited were not referred to and the questions herein considered were not presented. In so far as it is in conflict with this opinion that case is overruled.

We have examined the other interrogatories and their answers with care.

We cannot say as a matter of law that John ██ Challek, the driver of the car in which appellee was riding, was guilty of negligence.

True, appellant's truck was a large object, standing on a wide dry highway. The atmosphere was clear and the night dry. The lights on plaintiff's car threw sufficient light to see 200 feet ahead. Nothing was approaching from the opposite direction. Some kind of lights were exposed on the rear of the truck. We do not know their type or size or how far they were visible.

But the jury found that the proximate cause of appellee's injury was the negligence of appellants and

that the driver of appellee's car was not guilty of contributory negligence.

Every reasonable presumption, inference, and intendment must be indulged in favor of the general verdict. *Hauch, Exr.* v. *Fritch* (1934), 99 Ind. App. 65, 189 N. E. 639; *Pittsburgh, etc. R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 447, 78 N. E. 1033.

The conflict between the answers to the interrogatories and the general verdict must be such that it could not be overcome by any evidence legitimately admissible under the pleadings. *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 199 N. E. 863; *Jefferson Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 307, 102 N. E. 21; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 437, 102 N. E. 369; *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156.

The highway might have curved at that point so that the driver of appellee's car did not have the advantage of his lights for 200 feet; or his attention may have been momentarily diverted in avoiding a pedestrian on the road.

Evidence of any number of circumstances was legitimately admissible under the pleadings to sustain the finding of the jury that the driver of the car in which appellee was riding was not guilty of negligence.

Finding no reversible error in the record, judgment is affirmed.

NOTE.—Reported in 33 N. E. (2d) 353.