## GARY RAILWAYS, INC. *v.* DILLON

[No. 28,685. Filed June 8, 1950. Rehearing denied October 10, 1950.]

Starr, J., not participating.

*Draper & Eichhorn,* of Gary, *Ray A. Pillard,* of Valparaiso, and *Owen S. Boling,* of Indianapolis, for appellant.

*George W. Douglas*, of Valparaiso, *B. A. Lucas* and *Ellis Bush,* both of Gary, for appellee.

YOUNG, J.—The second amended complaint, on which this case was tried, charges in substance that plaintiff was walking south on Washington Street north of Fourth Avenue in the City of Gary and when he reached the intersection of said Washington Street and Fourth Avenue he proceeded to cross Fourth Avenue in the crosswalk for pedestrians from the northwest corner to the southwest corner of Fourth Avenue. That at said time the streets were covered with hard snow and ice and were slippery. As plaintiff approached and was within four or five feet of the south curbing he slipped and fell. The fall temporarily paralyzed the plaintiff so that he could not immediately regain his feet, and while lying on the street a motor bus owned and operated by the defendant approached and struck plaintiff from the west on said Fourth Avenue.

In the complaint, it was alleged, among other reasons, that failing to yield the right of way at the intersection to the plaintiff, who was crossing at a crosswalk at an intersection, constituted negligence. There was subsequently a motion to strike out this language from this complaint, which was overruled. It does not occur to us that the language was in the alternative or indefinite or uncertain. On the contrary, it seems to us that this language very clearly alleged a violation of § 47-2032, Burns' 1940 Replacement, and, this being true, there was no error in overruling the motion to strike it out. *Connor* v. *Jones* (1945), 115 Ind. App. 660, 674, 59 N. E. 2d 577, 60 N. E. 2d 534; *Ederer* v. *Froberg* (1945), 115 Ind. App. 414, 424, 59 N. E. 2d 595; *Fields* v. *Hahn* (1944), 115 Ind. App. 365, 371, 57 N. E. 2d 955, § 2-1048, Burns' 1946 Replacement.

Appellant, in his Points and Authorities, next takes instruction No. 14, which reads as follows:

" 'A statute of the State of Indiana in force at the time of this accident provides in effect that when traffic control signals are not in place or not in operation, the driver of the vehicle shall yield the right of way, slowing down or stopping if need be, so to yield to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave a curb or place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

" 'So in this case if you find from the evidence that the defendant was operating a motor bus on and along 4th Avenue in the City of Gary, Indiana, and that the plaintiff was a pedestrian crossing said 4th Avenue at a crosswalk at a place where traffic control signals were not then in place or in operation, and that the plaintiff was within the half of 4th Avenue upon which the defendant's motor bus was approaching, or that the plaintiff was so closely approaching the half of said 4th Avenue upon which the defendant's motor bus was approaching from the opposite half of 4th Avenue, and upon a crosswalk across the same where no traffic control signals were then in place or in operation, so as to be in danger, then and under such state of facts, if you find such facts to have existed under the evidence, and that the plaintiff did not suddenly leave a curb or other place of safety and walk or run into the path of the defendant's bus which was then so close that it was impossible for the driver to yield, then I instruct you that it was the duty of the defendant in the operation of the motor bus, to have yielded the right of way to the plaintiff.' "

This instruction states the law with reference to the duties of a bus driver on a public highway to pedestrians on a highway at an unmarked crosswalk in the

street. It is appellant's contention that the instruction would have been fitting if the facts had been that appellee had, in substance, reached the other side of the street and had suddenly fallen backwards in the path of the bus. It is their contention that the evidence establishes that the proximate cause of plaintiff's injuries was his slipping and falling on the ice in the path of the oncoming bus and was an unsuspected occurrence which the law would not require appellants to anticipate. Appellant's objection to this alleged defect in the complaint does not seem to us to have been made for the reasons outlined by it. It imposes upon the defendant a duty and permits the jury to find the defendant guilty of negligence in failing to discharge that duty under the circumstances of this case. It places upon the appellant and leaves to the jury the question as to whether the language involved did in fact find the defendant guilty of negligence in failing to discharge a duty under a situation where the duty clearly existed.

In failing to yield the right of way at the intersection to the plaintiff, "who was crossing at a cross walk at an intersection where there were no traffic signals in operation" clearly imposes a violation of the statute in question. It is not a mere allegation of a conclusion of law. It speaks of the failing to yield the right of way at the place in question and says that at said place there were no traffic control signals. This, it seems to us, does not attempt simply to plead a conclusion of fact or a conclusion of law. It sets out the situation under which there was, by the statute, a duty upon the appellant to yield the right of way to the appellee. Instuction 14 clearly states facts which bring the appellant within its scope. The plaintiff was crossing a street at a street not protected by stop lights in the

City of Gary, and, therefore, had the right of way by virtue of § 47-2032, Burns' 1940 Replacement. This means that, although clothed with all the protection of the statute until he slips and falls, the pedestrian loses his character as a pedestrian and the statutory right of way. This does not seem to us to have been the purpose of the Legislature when it enacted the statute. If this is true, then the fall was simply an occurrence in the course of his passage across the street. The Legislature was trying to protect people traveling on foot in attempting to cross highways at proper crosswalks and the word "pedestrian" was used in its common meaning as a person not in a vehicle, but merely traveling on foot.

Instruction No. 13 given by the court, was as follows:

"A statute of the State of Indiana in force at the time of this accident provides that no person shall drive a vehicle on a highway at a speed that is greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and that in every event speed shall be so restricted as may be necessary to avoid colliding with any person or vehicle or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use due care. The violation of this statute constitutes negligence, and if you find from the evidence that the defendant in the operation of its motor bus violated this statute, and that such violation was proximate cause of plaintiff's injuries, if any be sustained, then and in that event you should find for the plaintiff and against the defendant, provided that you first find that the plaintiff was not guilty of any contributory negligence proximately contributing to cause his injuries, if any he may have sustained."

This instruction gives to the jury some additional protection to a pedestrian at a crosswalk. The basis of

the objection to the instruction was that it went outside the issues in the case and, in doing so, included in its second amended complaint the language heretofore sought to have been stricken. This statute is clear upon its face. It was objected to because it was claimed that in every event speed shall be so restricted as may be necessary to avoid colliding with any person. Under this law of Indiana any instruction must be construed in such manner as to give it some force and effect in any law suit where the statute involved might be applicable.

Then follows alleged error in giving Instructions 3 and 16. The objection to Instruction 16 is predicated very largely upon the theory that it seems to open the door to the doctrine of last clear chance, as to which, appellant says, there was no evidence. The instruction does not seem to us to present the question of last clear chance and for the reasons heretofore stated, with reference to Instructions 13 and 14, this instruction seems to be good. Instruction No. 3 was objected to upon the theory that the burden is upon the plaintiff to prove the material allegations in this complaint without instructing the jury as to what are the material allegations. In this case there seems to be no question about what are the material allegations. Hence, this instruction is not open to the objections made to it.

In discussing the question of the sufficiency of the evidence, appellant relies upon the answer to the interrogatory No. 7, which reads as follows: "Had the plaintiff not slipped and fallen on the icy pavement of 4th Avenue, would the bus of the defendant safely passed him?" Answer: "Yes." It is their contention that this means that the jury found that the appellant's bus would have passed appellee

if he had not slipped and fallen on the icy pavement. The interrogatory does not lead to this conclusion. There was testimony that the appellee saw appellant's bus when it was 250 or 300 feet away, and there was still other testimony that while he was lying in the street he waved his arms when the bus was from 75 to 100 feet away and that it continued its approach and that it was from 20 to 25 feet from him at that time. This testimony was not negatived by interrogatory No. 7. The appellant's bus might well have been visible 75 to 100 or even 300 feet away and still its driver might not have seen appellee. This means clearly that no fact is fixed by the interrogatory in question. On the contrary, the interrogatory leaves the facts free for the jury to decide, and obviously they did decide that the driver of the bus which struck appellee might have seen him a long distance before he applied his brakes and caused the bus to skid.

We are unable to find any error and the judgment is therefore affirmed.

Starr, J., not participating.

NOTE.—Reported in 92 N. E. 2d 720.