## TRIBUNE-STAR PUBLISHING COMPANY, INC. *v.* FORTWENDLE.

[No. 18,394. Filed November 5, 1953. Rehearing denied January 8, 1954. Transfer denied June 24, 1954.]

*David E. Rosenfeld* and *Robert G. Wolfe,* of Terre Haute, for appellant.

*Crawford & Crawford* and *Fred H. Thomas,* of Terre Haute, for appellee.

ACHOR, P. J.—This is an action by appellee, Oscar C. Fortwendle, against appellant, Tribune-Star Publishing Company, Inc., to recover damages for personal injuries. Judgment was for appellee.

The errors assigned are as follows:

(1) The court erred in overruling appellant's motion for judgment on interrogatories, notwithstanding the general verdict.

(2) Overruling of appellant's motion for new trial, the grounds therein assigned being that the verdict of the jury was (a) not sustained by sufficient evidence and (b) was contrary to law, and (c) the overruling of appellant's motion for a directed verdict against appellee at the close of all the evidence.

(3) The giving and refusing of certain instructions.

(4) The admission and rejection of certain evidence.

Appellee alleged in his amended complaint that he was an employee of Sussman Iron and Metal Company, which dealt in salvage materials in Terre Haute, Indiana, and periodically collected scrap paper from appellant; that appellant maintained a freight elevator, which ran from the basement of its premises to the surface of a public alley. That on May 14, 1948, appellee was injured while using said elevator to remove such scrap paper from the basement of appellant's premises. That after unloading the second load, appellee proceeded to step from the elevator platform to the pavement of the alley when the elevator suddenly fell, causing appellee the injuries complained of. Appellee also alleged that said elevator, during all of said period, was "under the sole and exclusive control and management of the defendant."

As heretofore stated, appellant's first assigned error was the overruling of its motion for judgment on answers to interrogatories, notwithstanding the general verdict. Appellant's motion was based on the jury's answer to interrogatory number 14, which read as follows:

"Did defendant have knowledge or notice of the defect or dangerous condition in the freight elevator that caused it to fall on May 14, 1948,"

The answer of the jury to this question was "No."

The law is now well settled that, under Acts 1881, ch. 38, §390, (§2-2023, Burns' 1946 Replacement), when an answer to an interrogatory excludes every conclusion authorizing recovery by the party who has the general verdict, judgment should be entered on such answer. And this is so, even if other

answers given by the jury on other points favor the party relying on the general verdict.

However, it is also true that, in determining whether there is a conflict between the general verdict and the answers to interrogatories, every reasonable presumption and inference must be indulged in favor of the general verdict, and nothing will be presumed or inferred in favor of the answers to interrogatories as against the general verdict. *Neuwelt et al.* v. *Roush* (1949), 119 Ind. App. 481, 85 N. E. 2d 506; *Tucker Freight Lines* v. *Gross* (1941), 109 Ind. App. 454, 33 N. E. 2d 353; *Gary Railways* v. *Dillon* (1950), 228 Ind. 558, 92 N. E. 2d 720.

In the case before us, appellant was not only chargeable with defects in the elevator, of which he had actual "knowledge or notice," but, under the law, he was chargeable with that knowledge or notice of such defects, which, in the exercise of reasonable care, could have been discovered. This has been described as *implied* or *constructive* knowledge or notice. Such "knowledge or notice" is a creature of the law, considered to exist in the *absence of knowledge or notice*. 65 C. J. S. *Negligence*, §5 c, page 352. Interrogatory numbered 14 was not so inclusive as to exclude the possibility of such constructive notice. Appellant's motion for a judgment on the interrogatory, notwithstanding the general verdict, was, therefore, properly overruled.

Appellee alleged two specific grounds of negligence: (1) Failure to make proper inspection. (2) Failure to install a proper safety device. There was also a general allegation of negligence that appellant had permitted the elevator to become worn out and unsafe. The issue presented by the second specific allegation of negligence, namely failure to install a safety device, was

withdrawn from the jury. No cross-error is assigned because of such withdrawal and no issue is presented to us as to this allegation.

There is serious question as to whether or not there was any evidence of probative value as to the insufficiency of the inspection made by appellant. There is a complete lack of evidence as to the actual cause of the fall of the elevator or of any defect in the elevator which was either known to appellant or could have been discovered by a reasonable or proper inspection. Such proof was necessary to establish proximate cause. Appellant challenged the sufficiency of the proof upon this issue by tendered instruction numbered 6, which was as follows:

> "In rhetorical paragraph 6 (a) of his complaint, plaintiff charges that his injuries were proximately caused by the following negligence on the part of defendant, to-wit:
> " 'That defendant negligently failed to keep and maintain a proper inspection of said elevator and the mechanical devices which control the operation of said elevator.'
> "I instruct you, members of the jury, that this charge of negligence, as I have just read it to you, is withdrawn from your consideration, and the issue of whether or not the defendant negligently failed to keep and maintain a proper inspection of said elevator and said devices is not before you. You may not find defendant guilty of negligence on the ground that it negligently failed to keep and maintain a proper inspection of said elevator and said devices, as so charged by plaintiff."

The instruction was refused. Because of the complete lack of evidence establishing proximate cause on this issue, it was the duty of the court to give the instruction. *Holtz* v. *Elgin, etc., Ry. Co.* (1951), 121 Ind. 175, 98 N. E. 2d 245; *Hayes Freight Lines* v. *Wilson* (1948), 226 Ind. 1, 77 N. E. 2d 580. On the contrary, the

court instructed the jury, over the objection of appellant, in the court's instruction numbered 4, that appellee could recover if the jury should find "that the defendant was negligent in any of the particulars charged in the said complaint, save and except the charge appearing in rhetorical paragraph 6c of plaintiff's complaint."

Judgment is, therefore, reversed, with instructions to sustain appellant's motion for new trial.

## ON PETITION FOR REHEARING.

ACHOR, J.—Appellee's petition for rehearing asserts three alleged errors in the opinion as written: (1) That the issue of appellant's failure to install a safety device upon its elevator was not withdrawn from the jury as grounds of negligence, as stated; (2) that the court failed to discuss that issue in its opinion, and (3) that the ". . . instructions as . . . given by the trial court, taken in their entirety, fairly instructed the jury and made harmless the error, if any, in refusing Appellant's tendered instruction No. 6."

The court, in its instruction No. 2 stated in part: "I instruct you . . . that the Defendant in this case was under no duty or obligation to provide the freight elevator in question with a safety device which would prevent the elevator in question from falling. . . ." It was upon that instruction and the oral argument of counsel that this court concluded that the issue of appellant's failure to install a safety device had been withdrawn from the jury. However, it is immaterial to the determination of this case whether or not the effect of the above instruction was to withdraw the case from the jury, for the reason that appellant was clearly entitled to a new trial because of the

refusal of the court to give appellant's tendered instruction No. 6.

Appellee urges a rehearing on the ground that this court failed to give a written opinion upon the safety device issue. Appellee relies on Article 7, §5, ■ of the Constitution of the State of Indiana. However, once this court had decided that reversible error had been committed by the trial court in failing to withdraw paragraph 6 (a), from the jury, as requested by appellant's tendered instruction No. 6, this court was not required by the constitutional provision referred to to discuss any other issue raised on the appeal. This particular constitutional provision requires, on appeal, a decision with respect only to such question or questions as are necessary to "determination of the cause in the appellate court." *Indianapolis St. Ry. Co.* v. *Taylor* (1907), 39 Ind. App. 592, 596, 80 N. E. 436; *Willets* v. *Ridgway* (1857), 9 Ind. 367. See also 11 Am. Jur., Constitutional Law, §111. As soon as this court determined that, on one ground alone, reversible error had been committed in this case, the reversal of judgment required by that determination was a determination of this cause in this court. Thereafter a discussion of other issues that could not affect the necessity for reversal is not required.

Appellee urges that this court erred in holding that the trial court's refusal to give appellant's tendered instruction No. 6 was reversible error "inasmuch ■ as Appellant's instructions as tendered and given by the trial court, taken in their entirety, fairly instructed the jury and made harmless the error, if any, in refusing Appellant's tendered instruction No. 6." Such a contention is untenable. The rule is firmly established in this state that neither "instructions taken as a whole," or the fact that the evidence is sufficient

to support a verdict on other issues, excuses the refusal of a trial court to give an instruction that would withdraw from the jury an issue upon which there is no competent evidence. *Northern Indiana Transit, Inc.* v. *Burk* (1950), 228 Ind. 162, 89 N. E. 2d 905.

Petition for rehearing denied.

NOTE.—Reported in 115 N. E. 2d 215.
Rehearing denied 116 N. E. 2d 548.