**DAVIS, Appellee, v. PENNSYLVANIA RAILROAD COMPANY, Appellant.**

Ohio Appeals, Ninth District, Summit County.

No. 4740.   Decided December 18, 1957.

Felver & Hartnett, for appellee.
Wise, Roetzel, Maxon, Kelly & Andress, for appellant.

## OPINION

By DOYLE, J.

Hugh G. Davis, plaintiff in the trial court, alleged that, while he was in the performance of his duties as a section hand with the Pennsylvania Railroad Company, and employed in interstate commerce within the meaning of the Federal Employers Liability Act, one James Csaszar, and companions, were hunting on the Pennsylvania Railroad right of way in the vicinity of the place where the plaintiff was working; and that, while hunting, they "shot at a rabbit or other animal, and that pellets or bullets from their guns struck plaintiff in the arm and left knee, and plaintiff twisted his knee in turning immediately after being shot, and sustained serious injuries."

In charging the Pennsylvania Railroad Company with negligence proximately contributing to his injuries, the plaintiff asserted that this interstate carrier "had, for many years * * *, knowingly and negligently and carelessly permitted the general public to hunt on or about the * * * railroad company's property in the vicinity where this shooting took place, without let or hindrance; that said defendant * * * negligently and carelessly, wholly failed to prevent the general public, by signs or any other means, from hunting on or about the property of the * * * railroad."

The pleading, in addition to further charging that the defendant

railroad company "negligently and carelessly failed to warn plaintiff of the danger of working in the area in which plaintiff was injured," serially complained of the company's negligence as follows:

"a. In wholly failing to warn and apprise plaintiff that hunters had been permitted in the past and were presently allowed to hunt in the area where plaintiff was injured.

"b. In wholly failing to prevent hunters, by signs or other means, from hunting on Pennsylvania Railroad property in the vicinity where plaintiff was injured.

"c. In wholly failing and neglecting to make any inspection of the area where plaintiff was working.

"d. In failing to exercise ordinary care to provide plaintiff with a reasonable safe place to work as set forth in the petition.

"e. In wholly failing and neglecting to warn, apprise, and instruct plaintiff on all the dangers of the then existing situation as herein set forth."

The defendant railroad company, in its answer, admitted its corporate existence as a common carrier engaged in interstate commerce, and that it operated in Summit County. It further admitted that the plaintiff was one of its workmen, and, while working for the company on its right of way, was struck by shots, as charged in the amended petition. Denial was made, however, to all other charges, except only that the workman was wounded in his arm.

Upon the issues joined, the case proceeded to trial before a court and a jury. Upon motion of the defendant, specifications of negligence designated (a) and (e) were stricken from the pleading, and at the conclusion of the trial the case was submitted to the jury on the remaining charges of negligence. Two interrogatories were submitted, with the direction that if the jury reached a general verdict they must be answered.

The jury, after deliberation, returned a verdict in plaintiff's favor in the amount of twenty-seven thousand five hundred dollars, and answered the interrogatories as follows:

"No. 1. Do you find that the defendant was negligent?

"Answer: Yes.

"No. 2. If your answer to question No. 1 is in the affirmative, state of what said negligence consisted.

"Answer: Not posting permanent 'no hunting' and 'no trespassing' signs on Pennsylvania Railroad Company property."

Judgment was entered on the verdict; subsequently, the defendant moved for judgment in its favor notwithstanding the verdict, and also for a vacation of the judgment and a new trial.

The court, upon hearing the motion, overruled the motion for judgment non obstante veredicto, but did grant the motion for new trial on the ground that the amount awarded was excessive.

The appeal now before this court is prosecuted by the Pennsylvania Railroad Company, and is from the order "overruling the motion of defendant for a judgment notwithstanding the verdict for the plaintiff and the judgment rendered thereon."

The assignments of error are:

"1. The trial court erred in overruling the motion of defendant for judgment notwithstanding the verdict.

"2. The special findings of the jury being inconsistent with their general verdict, the trial court erred in failing to enter judgment for the defendant."

The question before this court is whether the special finding in answer to interrogatory No. 2 is inconsistent with the general verdict for the plaintiff.

The statutes which govern the use of interrogatories are in the following words and phrases:

**Sec. 2315.16 R. C.:**

"When either party requests it, the court shall instruct the jurors, if they render a general or special verdict, specially to find upon particular material allegations contained in the pleadings controverted by an adverse party, and submitted by the court in writing, to the jury, and shall direct the jury to return a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk."

**Sec. 2315.17 R. C.:**

"When a special finding under §2315.16 R. C., is inconsistent with the verdict, the former shall control the latter, and the court may give judgment accordingly."

The mandate of these statutes has been given effect in numerous decisions of this court. Some of the cases are: **Johnson v. Gernon, Jr., 91 Oh Ap 529; Miljak v. Boyle, 93 Oh Ap 169; and Mills v. City of Cleveland, 97 Oh Ap 78.**

"5. In determining whether the special findings and answers to interrogatories are inconsistent with the general verdict, the court does not consider the evidence but only the pleadings, issues, and special and general findings."

Miljak v. Boyle, supra.

Likewise: **Board of Commissioners of Mercer County et al, v. Deitsch et al, 94 Oh St 1, and Fox v. Conway et al, Receivers, 133 Oh St 273.**

Also, in determining the inconsistency of the special finding with the general verdict, the court must conclude that "the failure or inability of the jury to find the existence of a claimed act of negligence * * * is equivalent to a finding on such claim of negligence against the party having the burden to establish it," when, in answer to a properly submitted interrogatory, a jury is asked "to specify the act or acts of negligence" which formed the basis of its conclusion that the defendant was negligent. **Masters v. New York Central Rd. Co., 147 Oh St 293** (par. 2 of syllabus). The court at p. 298 of its opinion, observed:

"* * * The reason for the rule is that a special verdict or answers to interrogatories must find facts, and it will be inferred that the failure to find a certain fact is due to the absence or insufficiency of evidence to support it  See **Pennsylvania Rd. Co. v. Vitti, Admr., 111 Oh St 670; Noseda v. Delmul, 123 Oh St 647, 653 * * *.**"

That the interrogatories submitted in the case under review were properly given to the jury is supported by a long line of authorities,

the most prominent of which probably are **Davison v. Flowers, 123 Oh St 89**, and **Bradley, an infant, v. Mansfield Rapid Transit, Inc., 154 Oh St 154.** In the latter case the second paragraph of the syllabus is:

"2. In a negligence action to recover damages for injury to person or property, an interrogatory is proper which requires a finding as to the negligence of one of the parties, if coupled with a further interrogatory to the effect that if the answer to such first interrogatory is 'yes' the jury should state of what such negligence consisted."

See, also, cases cited in **Johnson v. Industrial Comm., 166 Oh St 132,** as well as cases cited in "The Submission of Written Interrogatories to the Jury," 11 Ohio State Law Journal 344.

Having stated several basic rules governing interrogatories, we now proceed to ascertain what facts the jury did actually find from the evidence, so that we may apply the law to the facts so found, and thereby test the general verdict. Tucker Freight Lines, Inc., v. Gross, 109 Ind. App. 454, cited by Zimmerman, J., in Bradley, an infant, v. Mansfield Rapid Transit, Inc., supra, at p. 170.

In testing the general verdict, it is our duty to harmonize, if possible, the answer to the interrogatory with the said verdict. **Klever v. Reid Bros. Express, Inc., et al., 151 Oh St 467.** Answers to special interrogatories will not authorize a judgment different from that authorized by the general verdict, if such answers can be reconciled therewith. **McNees v. Cincinnati St. Ry. Co., 152 Oh St 269.**

Likewise, "To be inconsistent with the general verdict * * *, it must appear that the special findings are irreconcilable, in a legal sense, with the general verdict; and to justify the court in setting aside or disregarding the general verdict on the ground that it is inconsistent with such special findings, the conflict must be clear and irreconcilable." **Davis v. Turner, 69 Oh St 101, par. 3** of syllabus.

As heretofore stated, the jury found that the Railroad Company was negligent in "not posting permanent 'no hunting' and 'no trespassing' signs on Pennsylvania Railroad Company property." Does this aswer find the existence of any of the claimed acts of negligence? If it does not, this finding of the jury, under the rule in Masters v. New York Central Rd. Co., supra, is inconsistent with the general verdict, because the failure of the jury to find on any of the specifications of negligence is tantamount to a finding in favor of the defendant railroad company on all of the allegations of negligence, and it was the duty of the court to enter judgment for the defendant railroad.

While §2315.17 R. C., provides that the court "may give judgment accordingly," the word "may" has been construed to mean "shall," thus making the duty of the court to render judgment on the special findings mandatory. **Central Gas Co. v. Hope Oil Co., 113 Oh St 354; Columbus, Delaware & Marion Electric Co. v. O'Day, Admx., 123 Oh St 638; Ohio Fuel Gas Co. v. Ringler, 126 Oh St 409.**

It is urged by the railroad company that the finding of the jury in its answer to interrogatory No. 2, coupled with those charges of negligence which the jury failed to mention and which, in law, amounted to a finding for the railroad company upon them, amounted to a finding "that the defendant did **not** fail 'to prevent hunters from hunting on

Pennsylvania Railroad property in the vicinity where plaintiff was injured'; did **not** fail and neglect 'to make any inspection of the area where the plaintiff was working,' and did **not** fail 'to exercise ordinary care to provide plaintiff with a reasonable safe place to work,'" and that as a consequence the railroad company was entitled to a judgment in its favor.

Nicety in the use of terms is not required of the jury in answering interrogatories, so long as the court is able to gather the intent of the jury from its answer; and such answer should be liberally construed with a view to ascertaining the jury's reason for its verdict. **Elio v. Akron Transportation Co., 147 Oh St 363, at p. 370.**

When the jury said in the instant case that the defendant company was negligent in "not posting permanent 'no hunting' and 'no trespassing' signs on Pennsylvania Railroad Company property," we are of the opinion that the language used is equivalent in legal value to saying the company was negligent in not posting such signs to keep hunters from hunting on their property [the very thing about which complaint was made], and further that, by its failure to post such signs, it failed to provide the plaintiff with a safe place to work.

Under this view of the case, we cannot say that the general verdict was inconsistent with the special finding; at least the conflict, if one may be said to exist, is not "clear and irreconcilable," Davis v. Turner, supra.

Judgment affirmed.

HUNSICKER, PJ, STEVENS, J, concur.

### SUPPLEMENTAL OPINION

Decided February 12, 1958.

By DOYLE, J.

Following the release of the opinion in this case, our attention has been called to Arnold v. Panhandle & Santa Fe Railway Co., 353 U. S. 360, 1 L. Ed. 2d 889, decided by the Supreme Court of the United States on May 13, 1957.

This case, in effect, holds that, in cases tried in state courts, but arising under the Federal Employers Liability Act, to recover for injuries sustained by a railroad employee, procedural rules of the state cannot be applied to defeat rights under the federal statute.

It thus follows that §2315.17 R. C., has no application to the case here under review, and that, even if the "special finding" under §2315.16 R. C., may be said to be inconsistent with the verdict, the "special finding" does not control the verdict, and a court may not give judgment accordingly.

We present this supplement to the original opinion as an added reason for the affirmance of the judgment of the Court of Common Pleas.

HUNSICKER, PJ, STEVENS, J, concur.