BAKER ET AL. v. BOARD OF ZONING APPEALS, ETC. ET AL.

[No. 19,418. Filed November 13, 1962. Rehearing denied
December 20, 1962.]

*John H. Baldwin,* of Indianapolis, for appellants.

*Arthur H. Northrup,* of Indianapolis, for appellees, Aubrey P. Cullen and Ruth V. Cullen.

*John Korbly,* and *Stanely Talesnick,* both of Indianapolis, for appellee, Board of Zoning Appeals of Indianapolis.

*Lawrence C. Ammon,* of Indianapolis, for appellees John E. Matthews and Willa Matthews.

AX, J.—The Zoning Board granted a variance from residential use to a business use for doctors and dentists in the home of the appellees. Fern E. Baker, one of the appellants, filed a petition for a writ of certiorari within the prescribed 30-day period, alleg-

ing that the variance was illegal and that she and several other nearby residents did not receive notice of the hearing. The Board filed a motion to dismiss (to which appellant demurred) before Judge Pike in November of 1958, stating that Baker had sold her property and, her interest in the real estate having terminated, could not continue the action. In February of 1959, Judge Mance, who had since taken office, admitted evidence on the motion to dismiss over Mrs. Baker's objection. She claimed that she was surprised, having received notice only to argue the demurrer. Mr. and Mrs. Moffett and Mr. and Mrs. Baldwin (nearby property owners), petitioned the court to intervene in the action as soon as they learned that the court was considering evidence to dismiss the action. They claimed to have received no notice of the hearing either. Mr. and Mrs. Dunnigan, one month after having purchased Mrs. Baker's property, also petitioned to intervene. In May, Mrs. Baker moved for a change of judge, alleging that the judge was biased, having been counsel for the city of Indianapolis before becoming judge, and that she had just discovered the information. The motion for a change of judge was overruled. The court granted the motion to dismiss without ruling on the demurrer or the petitions to intervene.

One of the errors assigned by appellant was the order of the court sustaining appellee's motion to dismiss. The court gave notice of oral argument on the demurrer to the motion, but heard, instead, evidence on the motion itself. The court sustained the motion to dismiss before ruling on the demurrer, motions to intervene, and petition for writ of certiorari.

We are of the opinion that the court errred in overruling appellant's objection to the admission of

evidence on the motion to dismiss. The record reveals that the trial court notified appellant only of oral argument on the demurrer. It has been held that if a court misleads a party as to the time for trial, the surprise is ground for a new trial. *Edsall* v. *Ayres* (1860), 15 Ind. 286. Here the court mislead a party as to the type of proceeding to be held. The party was surprised and was not prepared to meet the evidence.

We will not discuss the many other questions raised by appellants for the reason, under such circumstances, such discussion is not necessary. See *Tribune-Star Publishing Company, Inc.* v. *Fortwendle* (1953), (T. D. 1954), 124 Ind. App. 618, 115 N. E. 2d 215, 116 N. E. 2d 548.

Judgment is reversed and the cause is remanded for a new trial.

Cooper, P. J., Ryan, J., and Myers, J., concur.

NOTE.—Reported in 186 N. E. 2d 13.